Gkeen, J.
delivered the opinion of the court.
The bill alledges that James Kimbrough obtained judgment against Jesse Benton for upwards of three thousand dollars, issued an execution, and caused it to be levied on a tract of latid, in Shelby county, as the property of Benton, which land was sold by the coroner, and Kimbrough became the purchaser, and the execution was returned satisfied. Kimbrough obtained a deed from the coroner, and' prosecuted an action of ejectment *116 against Benton, to recover possession of the land, but was defeated in his action, because he could not show that Benton had such a title as would subject said land to be sold by a fi-fa., nor nor did he show, that Benton was in possession of the land at the time it was sold as his property, so as to estop him from requiring the plaintiff to show title in himself.
1. It is now contended by the complainant, in the first place, that the land ought to be decreed to him, because, as he insists, Benton may be presumed to have had an inchoate legal title, which he did not choose to perfect, by the registration of his deed. But upon this subject there is an entire absence of evidence; we are unable to perceive whether Benton had any title to this land, legal or equitable; and as there is no title upon the records of the country, the proof that he had a deed, which he refused to register, ought to be very clear, before this court would decree the title to the complainant, upon the ground assumed in the case of Vance vs. McNairy, 3 Yerg. Rep. We are not permitted to guess, from his possession and claim to the land, that he had such tide.
2. In the next place, it is insisted the laird ought to be decreed because Benton laid off lots, in which he directed the coroner to make the sale; and it is contended, he thereby assisted in, and promoted the sale, and was thus guilty of defrauding the complainant. We do not think the evidence shows any such interference, as was calculated to induce persons to purchase, or that had any tendency to deceive them as to the title. Itis true, he laid off the tract in lots, as by the statute he had a right to do. But this did not indicate that he had the legal tide. On the contrary, after directing the coroner howto sell the land, he adds in the same me morandum the following sentence, “IfA.B. Cass has not sufficient authority to sell these lands, I then forbid his proceeding.” This was putting purchasers upon their guard, and warning them to look to the title they were purchasing, and so far from inducing them to bid, was calculated to create caution, and induce an examination of the title. Upon neither of the foregoing grounds,, therefore, as we think, has the complainant ah equitable right to this land.
3. Butthe complainant insists that if Benton had no title, either *117 legal or equitable, and practiced no fraud, so as to authorize a decree for the land, the complainant is entitled to have the satisfaction which was entered upon the execution set aside, that he may proceed at law to enforce satisfaction of his judgment.
In the case of Whitmore vs. Parks, determined at the present term, it was decided that the purchaser at sheriff’s sale, coidd not recover back his purchase money, although he might acquire no title to the property purchased. We donotperceive that the fact, that the plaintiff in the execution becoming the purchaser, places him in any better situation, in this respect, than any other person would be. If a plaintiff were permitted to sell property without any regard to the title of the debtor in the execution, and then failing to hold it, he was allowed to come into equity and set aside the satisfaction, without showing fraud or misconduct on part of the defendant, the greatest mischief would result; such a practice cannot be tolerated. Upon the yfhole, the decree must be affirmed, and the bill dismissed with costs.
See Kimbrough vs. Benton, Appendix, post.